JOHN L. BURRIS, Esq., SBN 69888
DeWITT M. LACY, Esq., SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Telephone: (510)839-5200
Facsimile: (510)839-3882

Attorney(s) for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHANNON, an individual,<br><br>    Plaintiff,<br>vs.<br><br>CITY of MODESTO, a municipal corporation; MODESTO POLICE DEPARTMENT, a municipal corporation; GENE BALENTINE individually and in his capacity as Chief of Police for the CITY OF MODESTO; OFFICER fnu WEBER, individually and in his capacity as a police officer for the CITY OF MODESTO; and DOES 1-10, inclusive; individually and in their capacities as OFFICERS for the CITY OF MODESTO,<br>    Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>(42 U.S.C §§ 1983; and pendant tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 AND 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code §52.1 and § 51.7, and under the common law of California. This action is against THE CITY OF MODESTO and the MODESTO POLICE DEPARTMENT.

   It is also alleged that these violations and torts were committed due to policies and customs of the CITYOF MODESTO POLICE DEPARTMENT.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the CITY OF MODESTO, County of San Joaquin, California, which is within this judicial district.

## PARTIES

3. Plaintiff JAMES SHANNON (hereinafter "Plaintiff"), at all times relevant to this complaint, has been and is a resident of Modesto, California, and United States Citizen.

4. Defendant CITY of MODESTO (hereinafter "CITY") is and at all times herein mentioned is a municipality entity duly organized and existing under the laws of the State of California.

5. Defendant the CITY OF MODESTO POLICE DEPARTMENT is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California.

6. Defendant GENE BALENTINE, at all times mentioned herein, was Chief of Police for the CITY OF MODESTO POLICE DEPARTMENT, and is sued in his individual and official capacities.

7. Defendant OFFICER fnu WEBER (hereinafter "OFFICER WEBER"), at all times mentioned herein, was a police officer for the CITY OF MODESTO POLICE DEPARTMENT, and is sued in his individual and official capacities.

8. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1through 25, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages herein set forth. Each

defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

12. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

**FACTS**

13. The incident took place on May 24th, 2011 at approximately 2:00 p.m. on Acclaim Way in the CITY OF MODESTO, California.

14. Plaintiff was called by his wife to come immediately to Fast Mart, a local corner store, where their son had been apprehended by the Modesto Police. The police believed that Plaintiff's son, had been involved in an incident involving a gun and wanted to speak with his parents.

15. Plaintiff arrived at the Fast Mart and was immediately accosted by a Modesto Police Officer. The Officer pointed his finger in Plaintiff's face and aggresively yelled "I know who you are and I know your past... I know your past and you're nobody but an ex-con piece of shit of a truck driver." The Officer proceeded to tell Plaintiff and his wife that he had a search warrant for their home, and instructed them to wait at Fast Mart while he went to investigate their residence.

16. Plaintiff stated his desire to return to the residence as well and expressed his concern for the effects that such an investigation might have on his youngest son who was still at the home. Plaintiff and his wife, Mrs. Basra, returned home and watched from the sidewalk as the police begin to search their residence.

17. Mrs.Basra asked OFFICER WEBER if he would show them the search warrant and he replied, "No." She questioned, "Don't you have to show it to us?" He said, "No, I don't have to show it to you." Mrs. Basra inquired as to what they were looking for and OFFICER WEBER said "anything related to the incident involving your son."

18. After a while an officer asked Mr. Shannon for their car keys so the officers could search their cars. Plaintiff and his wife complied, giving the officer their keys and OFFICER WEBER searched their cars. OFFICER WEBER then returned the keys.

19. During the search an officer asked Mrs. Basra if there was anything in the house that they should know about. Mrs.Basra informed the officer that she had a gun registered in her name and she kept it locked in a safe. The Officer returned from the home and asked for the location of the keys to the safe. Mrs. Basra answered that they were located in a jewelry box above her dresser.

20. An Officer then began to handcuff Plaintiff. Upon her inquiry, an Officer informed Mrs. Basra that her husband was being arrested for possesion of a firearm. Mrs. Basra began to protest that the gun was indeed hers not Plaintiff's and he should not be arrested for

possesion.  The Officer replied that Mrs. Basra was not allowed to have a gun due to the fact that Plaintiff was an ex-felon.

21. After some time the Officers returned to ask Mrs. Basra to identify the gun.  After doing so she was informed that they Officers were confiscating it. Mrs. Basra checked her safe and determined that all of the original contents remained.   During this time the Officers drove away with Mr. Shannon and their son David.   Mrs. Basra was given a receipt for the items taken and the Officers then left.

22. Mrs. Basra bailed Plaintiff out of jail that night and the next day hired an attorney to represent the family.  The attorney informed them of a law that stated that Mrs. Basra still had the right to possess a firearm even though Plaintiff was an ex-felon.

23. The first court hearing was in June, and the District Attorney charged Plaintiff with his third strike.  The judge raised Plaintiff's bail to $100,000.00 and he was arrested in court. It took  five months of court dates and jail time to take the case before the three strikes committee in order to prove Plaintiff's innocence.  The case was dismissed on October 18, 2011 due to lack of evidence.

24. This ordeal has negatively impacted Plaintiff and his family both financially and emotionally.  Plaintiff was unable to work and provide for his family due to his exorbitant bail.

25. This placed a great deal of stress on Mrs. Basra who was forced to single handedly provide for her family.  The childrens' performance in school plummeted markedly and their fathers absence made them extremely depressed.

26. This had a profound effect on Plaintiff as well due to the extreme amount of time he was forced to spend away from his family and the negative impact it has had on his reputation.

27. The police acted on false pretenses, and their actions were harsh and unjustifiable.

**DAMAGES**

28. As a proximate result of Defendants' conduct, Plaintiff suffered wrongful arrest, wrongful detention, substantial physical injuries, and/or death. As a further proximate result of Defendants' conduct, Plaintiff incurred damages caused by the assault, battery and his wrongful detention. Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

29. The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to and aware of punitive damages against said defendant's officers of the CITY.

FIRST CAUSE OF ACTION

(42 U.S.C. Section 1983)

(Against named defendant police officers and DOES 1-10, inclusive)

30. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31. In doing the acts complained of herein, named defendant police officers and DOES 1-10, inclusive, acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

   d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

(42 U.S.C. Section 1983)

(Against defendants and DOES 1-10)

32. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on July 23, 2011, named defendant police officers had a history of engaging in acts of assault and battery; effecting false arrests, and treating persons in a racially discriminatory manner, of which defendants and DOES 1-10, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff.

34. Plaintiff is informed and believes and thereon alleges that despite having such notice of named defendant police officers' prior misconduct, defendants and DOES 1-10, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by named defendant police officers.

35. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of named defendant police officers, defendants and DOES 1-10, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized said defendant police officers, to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

36. Defendant CITY, by and through its supervisory employees and agents, defendants and DOES 1-10, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers assaulting and battering, effecting false arrests and imprisonments, and treating persons in a racially discriminatory manner. With deliberate indifference, defendants and DOES 1-10, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With deliberate indifference, defendants and DOES 1-10, inclusive, breached their duty of care to plaintiff in that they: (1) failed to adequately hire, retain, supervise, discipline, and train police officers, including named defendant police officers, in proper use of force, effecting proper reasonable arrests, and treating persons in a manner that is not racially discriminatory; (2) failed to have adequate policies and procedures regarding proper use of force; effecting proper arrests; and treating persons in a manner that is not racially discriminatory; (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of named defendant police officers, and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized named defendant police officers to continue their course of misconduct of use of excessive force, effecting false arrests and imprisonments, and treating persons in a racially discriminatory manner, resulting in violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

37. This lack of adequate hiring, retention, supervision, training, and discipline of named defendant police officers demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive unreasonable

force; wrongful false arrests; and treating persons in a racially discriminatory manner by police officers employed by defendant CITY.

38. The above-described misconduct by defendants and DOES 1-10, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

   d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

Further, the acts of named defendant police officers alleged herein are a direct and proximate result of the abovementioned wrongful conduct of defendants and DOES 1-10, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of named defendant police officers, and the abovementioned wrongful conduct of defendants; and DOES 1-10 inclusive.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Vicarious Liability)
### (Against defendant CITY OF MODESTO POLICE DEPARTMENT )

39. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

40. Pursuant to Government Code Section 815.2(a), defendant CITY OF MODESTO POLICE DEPARTMENT is vicariously liable to plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned intentional and negligent wrongful conduct of named defendant police officers DOES 1-10, inclusive, as set forth in plaintiff's First Cause of Action, and Third through Seventh Causes of Action herein.

41. As a proximate result of defendants' conduct, plaintiff suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

42. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, plaintiff prays for relief, as follows:

1. For general damages in the sum of $ 500,000.00;
2. For special damages according to proof;
3. For punitive damages against named defendant police officers, according to proof;
4. For injunctive relief enjoining defendant CITY OF MODESTO POLICE DEPARTMENT from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults on persons; effecting unreasonable and improper arrests, detentions, and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory.

5. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

6. For costs of suit herein incurred; and,

7. For such other and further relief as the Court deems just and proper.

Dated: October 12, 2012                              **THE LAW OFFICES OF JOHN L. BURRIS**


By /s/ *John L. Burris, Esq.*
John L. Burris
Attorney for Plaintiff
JAMES SHANNON