JOHN L. BURRIS, Esq., SBN 69888
DeWITT M. LACY, Esq., SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Telephone: (510)839-5200
Facsimile: (510)839-3882

Attorney(s) for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHANNON, an individual,<br><br>  Plaintiff,<br>vs.<br><br>CITY of MODESTO, a municipal corporation; MODESTO POLICE DEPARTMENT, a municipal corporation; GENE BALENTINE individually and in his capacity as Chief of Police for the CITY OF MODESTO; OFFICER fnu WEBBER, individually and in his capacity as a police officer for the CITY OF MODESTO; and DOES 1-10, inclusive; individually and in their capacities as OFFICERS for the CITY OF MODESTO,<br>  Defendants | Case No.: 1:12-CV-01692-AWI-DLB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**FRCP Rule 12(b)(6)**<br><br>Date: December 10, 2012<br>Time: 1:30 p.m.<br>Ctrm: 2<br><br>Honorable Judge Anthony W. Ishii |

# TABLE OF CONTENTS

Table of Contents…………………………………………………………………………………2

Table of Authorities…………………………………………………………………….…………3

Introduction……………………………………………………………………………………..…5

Memorandum of Points and Authorities

Statement of Facts……………………………………………………………………….............5

Argument…………………………………………………………………………………............7

A. Legal Standard for Rule 12(b)(6) Motions …………………………..…………….............6

B. Defendant Balentine is a Properly Named Defendant ..……………….…………..............9

C. Plaintiff Properly Seeks Injunctive Relief ……………………………………………..10

D. Plaintiff Seeks Leave to Amend the Complaint to Clarify Any Remaining Confusion…….11

VI. Conclusion…………………………………………………………………………….... 13

# TABLE OF AUTHORITIES

**Statutory Authorities:**

Federal Rule of Civil Procedure 8……………………………………………………………..11

Federal Rule of Civil Procedure 12(b)………………………………………………….. 7-8


**Cases:**

*Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008)…………….7

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997)……………………………..7

*Jackson v. Carey*, 353 F .3d 750, 755 (9th Cir. 2003)…………………………………………8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)………………………………...………8, 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………….. 8

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) ……………………………………8

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655 (9th Cir. 1992)……………………………..8

*McGary v. City of Portland*, 386 F.3d 1259 (9th Cir. 2004)……………………………………8

*Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980)……………………………………………8

*Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658 (1978)……………………….………9

*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011)…………………………………..9

*Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012)……………………………………………….9

*Henry v. County of Shasta*, 132 F.3d 512 (9th Cir. 1997)……………………………………9

*Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978)………………………………………………10

*Rodriguez v. Cal. Highway Patrol*, 89 F. Supp. 2d 1131 (2000)……………………………...11

*LaDuke v. Nelson*, 762 F.2d 1318 (9th Cir. 1985)…………………………………………….11

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001)…………………………………………….11

Plaintiff's Opposition to Defendants' Motion to Dismiss
*Shannon v. City of Modesto, et al.*, Case No. 1:12-CV-01692-AWI-DLB                                  3

*Lee v. City of Los Angeles*, 250 F3d 668 (9th Cir. 2001)……………………………………12

*Schwieker v. Wilson*, 450 U.S. 221 (1981)…………………………………………………..12

**INTRODUCTION**

This action arises out of the uncalled for and unlawful false arrest and subsequent months-long incarceration of Plaintiff James Shannon by Defendant City of Modesto Police Officer fnu WEBER.  Defendants move to dismiss certain portions of the Complaint, as follows: all claims pursuant to the Fifth, Ninth and Fourteenth Amendments; all claims against Defendant Weber in his official capacity, all claims Defendant Gene Balentine, the third cause of action in its entirety, and Plaintiff's prayer for injunctive relief against Defendant City of Modesto Police Department.

Plaintiff maintains that Defendant Balentine is a necessary and proper party to this litigation and that he appropriately prays for injunctive relief.  The rest of Defendants' claims are gratuitous attacks and quips regarding technicalities and inadvertent errors in pleading—and not issues regarding substance.  To this end, Plaintiff urges that any defects in pleading can easily be remedied by amending the Complaint.  As such, this Court should deny Defendants' Motion to Dismiss or, in the alternative, grant Plaintiff leave to amend the Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF FACTS**

On May 24, 2011, at approximately 2:00 p.m., Plaintiff's wife, Mrs. Basra, informed him that their son had been apprehended by Defendant City of Modesto police officers.  The Defendant police officers believed that Plaintiff's son had been involved in an incident involving a gun at the Fast Mart, a local corner store, and wanted to speak with his parents.

When Plaintiff arrived at the Fast Mart he was immediately accosted by a Defendant City of Modesto Police Officer (hereinafter "Defendant Officer").  The Defendant Officer pointed his finger in Plaintiff's face and aggresively yelled, "I know who you are and I know your past... I know your past and you're nobody but an ex-con piece of shit of a truck driver."  The Defendant

1   Officer then told Plaintiff and Mrs. Basra that he had a search warrant for their home, and
2   instructed them to wait at Fast Mart while he went to investigate their residence.
3        Plaintiff expressed his desire to return to his residence as well and his concern for the
4   effects that such an investigation might have on his youngest son who was inside of the home.
5   Plaintiff and Mrs. Basra returned home and watched from the sidewalk as the Defendant City
6   Officers searched their residence.  Mrs.Basra asked Defendant Officer Weber to see the search
7   warrant.  Defendant Weber replied, "No."  Mrs. Basra then asked, "Don't you have to show [the
8   search warrant] to us?"  And Defendant Weber replied, "No, I don't have to show [the search
9   warrant] to you."  Mrs. Basra then asked the Defendant Officers what they were looking for and
10  Defendant Officer Weber replied, "anything related to the incident involving your son."
11       After some time another officer asked Plaintiff Shannon for his and his wife's car keys so
12  that the officers could search their cars.  Plaintiff and Mrs. Basra complied, gave the officer their
13  keys, and Defendant Officer Weber searched their cars.  Defendant Officer Weber then returned
14  the keys.
15       During the search an officer asked Mrs. Basra if there was anything in the house that they
16  should know about.  Mrs.Basra informed the officer that she had a gun registered in her name
17  that she kept locked in a safe, and instructed the officer on where to find the key to the safe.  An
18  Officer then handcuffed Plaintiff Shannon.  When Mrs. Basra asked what was going on, an
19  officer informed her that Plainitff was being arrested for possesion of a firearm.  Mrs. Basra
20  protested that the gun was hers—not Plaintiff's—and that he should not be arrested for its
21  possesion.  The Officer replied that Mrs. Basra was similarly not allowed to have a gun because
22  Plaintiff was an ex-felon.
23       The officer returned and asked Mrs. Basra to identify the gun.  When she identified her
24  gun, the Defendant Officers informed her that they were going to confiscate the gun.  Mrs. Basra
25  checked her safe and determined that all of its other original contents were still there.  The

1  Defendant Officers gave Mrs. Basra a receipt for the items they took and left the home with both
2  Plaintiff Shannon and their son David.

3  Mrs. Basra bailed Plaintiff out of jail that same night.  The following day they hired an
4  attorney who informed them that it Mrs. Basra still had the right to possess a firearm even though
5  Plaintiff was an ex-felon.  Plaintiff's first court hearing was in June, and the District Attorney
6  charged Plaintiff with a third strike.  The judge raised Plaintiff's bail to $100,000.00, which was
7  cost-prohibitive for the family, and had Plaintiff arrested in open court.  Plaintiff was froced to
8  remain in jail for five months during the pendency of his criminal case which was ultimately
9  dismissed due to lack of evidence by the three strikes committee.

10  The entire ordeal, borne out of the Defendant Officers' unlawful and unjustifiable harsh
11  actions which were based on false pretenses,  took a great toll on Plaintiff and his family both
12  financially and emotionally.  Plaintiff was unable to work and provide for his family due to his
13  exorbitant bail and he suffered a great deal emotionally.  Mrs. Basra was under a great deal of
14  pressure to single handedly provide for her family.  Their childrens' performance in school
15  plummeted markedly and their fathers absence made them extremely depressed.

16  **ARGUMENT**

17  **A. LEGAL STANDARD FOR RULE 12(b)(6) MOTIONS**

18  Federal Rules of Civil Procedure, Rule 12(b)(6) (Rule 12(b)(6)) allows a party to move to
19  dismiss a claim for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6)
20  dismissal may be based on either a "lack of cognizable legal theory" or "the absence of sufficient
21  facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare System, LP*, 534
22  F.3d 1116, 1122 (9th Cir. 2008).

23  Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the complaint.  There is a
24  strong presumption against dismissing an action for failure to state a claim.  See *Gilligan v.*
25  *Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997).  The Rule 12(b)(6) issue is not whether the

plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Jackson v. Carey*, 353 F .3d 750, 755 (9th Cir. 2003). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court may grant a motion to dismiss for failure to state a claim when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly, supra*, at 547). To be facially plausible, the claim must have enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal quotation marks omitted). A formulaic recitation of a cause of action with conclusory allegations is not enough. *Id*.

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (internal quotation marks omitted).

Leave to amend "shall be freely given when justice so requires." Federal Rule Civil Procedure, Rule 15(a); see *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992) (when a Rule 12(b)(6) motion is granted, leave to amend is ordinarily denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment). When considering whether plaintiff has stated a claim upon which relief can be granted, this Court accepts as true all allegations of material fact in the complaint and construes them in the light most favorable to plaintiff. See, *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

## B. DEFENDANT BALENTINE IS A PROPERLY NAMED DEFENDANT

In Plaintiff's second cause of action, he alleges that Defendants Balentine, City of Modesto, and City of Modesto Police Department committed Fourth Amendment violations pursuant to 42 U.S.C. Section 1983—*Monell* claims. Defendants argue that as alleged these claims fail against Defendant Balentine because Plaintiff fails to allege any facts sufficient to constitute a claim against him as an individual. Defendants are mistaken.

A local governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to establish liability for governmental entities under *Monell*, Plaintiff will be required to prove: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

In *Dougherty*, the Ninth Circuit affirmed a district court's dismissal of a *Monell* claim where the pleading "lack[ed] any factual allegations that would separate them from the formulaic recitation of a cause of action's elements deemed insufficient by [*Bell Atlantic v. Twombly*, supra, 550 U.S. 544 (2007)]." *Dougherty*, 654 F.3d at 200 (citing *Twombly*, 550 U.S. at 555); see also, *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). The Ninth Circuit stated in *Henry v. County of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997), that when a municipality "turn[s] a blind eye to severe violations of inmates' constitutional rights—despite having received notice of such violations—a rational fact finder may properly infer the existence of a previous policy or custom of deliberate indifference."

Moreover, Ninth Circuit precedent provides that a government actor may be sued in his individual capacity under Section 1983 where plaintiffs present evidence that the sued individual was personally involved in the alleged constitutional violations or that he set in motion a series of acts by others which he knew or reasonably should have known would cause constitutional injury.  See *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  A person subjects another to the deprivation of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff's complaint is made.  *Id*.

Here, Plaintiff alleges that Defendant Chief Balentine, as a person with final decision and policymaking authority and with oversight over all operations of the Modesto Police Department and its officers, had a policy or custom of violating and depriving citizens' of their Fourth Amendment right to be free from unreasonable searches and seizures as shown through his ratification and condoning of the misconduct of the Defendant Officers involved in the subject incident either explicitly or tacitly.  As such, Plaintiff has provided Defendant Balentine fair notice of the *Monell* claim against him as an individual, and this Court should deny Defendants' motion on this point.  In the alternative, Plaintiff requests leave to amend the Complaint to address any deficiencies in pleading this cause of action, including any official capacity claims.

**C.      PLAINTIFF PROPERLY SEEKS INJUNCTIVE RELIEF**

Defendants move to dismiss Plaintiff's prayer for injunctive relief with prejudice claiming that Plaintiff fails to allege any fact suggesting that he is exposed to any threat of future constitutional violations by the Defendants.  Defendants are mistaken.  Plaintiff adequately asserts his entitlement to equitable relief.

Plaintiff asserts that he adequately alleges a policy, pattern and practice of City of Modesto police officers subjecting known ex-felons to invasive and over-reaching searches and seizures in violation of their constitutional rights.  The district courts within the Ninth Circuit

have long recognized that allegations of a policy, pattern and practice of constitutional violations demonstrate a real and immediate threat of future injury sufficient to survive a Rule 12(b) motion. See e.g., *Rodriguez v. Cal. Highway Patrol*, 89 F. Supp. 2d 1131, 1142 (N.D. Cal. 2000) (involving a pattern and practice of racial profiling).  Plaintiff must show that he: (1) suffered harm constituting an actual injury, and (2) demonstrate a realistic threat of repetition.  To show that such an injury is likely to recur Plaintiff may demonstrate that the harm is part of a "patterns of officially sanctioned…behavior, violative of the plaintiff['s federal rights]". *LaDuke v. Nelson*, 762 F.2d 1318, 1323 (9th Cir. 1985).

Here, Plaintiff alleges that the Defendants have routinely and repeatedly engaged in similar "injurious acts in the past" such that there is a sufficient possibility that they will so engage in the near future.  See *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001) (finding that repeated acts satisfy the "realistic repetition" requirement).  Moreover, immediately upon seeing Plaintiff Shannon, the Defendant Officers claimed to "know" him and to recognize him as an ex-felon and all but announced that this knowledge sanctioned their ability to violate his constitutional rights.  Given this, Plaintiff who is known as an ex-felon to the Defendant Modesto Police Department officers is likely to suffer a similar harm in the future.

Plaintiff adequately alleges his right to injunctive relief.  Contrary to Defendants' argument pursuant to the rule of notice pleading, Plaintiff is entitled leave to amend the complaint to clarify his entitlement argument based on Defendant's repeated acts of constitutional violations.  Fed.R.Civ.P. 8(a)(2) (a complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief").

## D.   PLAINTIFF SEEKS LEAVE TO AMEND THE COMPLAINT TO CLARIFY ANY REMAINING CONFUSION

Plaintiff submits that Defendants various other attacks are to the form of the Complaint and not its substance.  As discussed previously, perfection in pleading is not required; however,

in the interest of clearing any confusion, Plaintiff seeks leave to amend the Complaint to cure any defects in the form of the pleading.

For example, Defendants move to dismiss all claims pursuant to the Fifth, Ninth and Fourteenth Amendments.  Plaintiff submits that he does not make any claims pursuant to these amendments.  Plaintiff's 42 U.S.C. section 1983 claims are based on the Fourth Amendment.  For example, Plaintiff recognizes that the Fifth Amendment provides that "[n]o person shall be deprived of … property, without due process of law; nor shall private property be taken for public use, without just compensation," and that "[t]he Due Process Clause of the Fifth Amendment … appl[ies] only to actions of the federal government—not to those of state or local governments."  *Lee v. City of Los Angeles*, 250 F3d 668, 687 (9th Cir. 2001), citing *Schwieker v. Wilson*, 450 U.S. 221, 227 (1981).  As such, Plaintiff seeks leave to amend the Complaint to remove his inadvertent references to the Fifth, Ninth and Fourteenth Amendments.

In addition, Defendants move to dismiss Plaintiff's claim against Defendant Weber in his official capacity.  Indeed, Plaintiff does not allege any supervisory conduct on the part of Defendant Officer Weber and thereby does not allege a *Monell* claim against him.  Plaintiff maintains that the Complaint otherwise clearly and manifestly reflects his intentions on its face; however, Plaintiff seeks leave to amend the Complaint to clear-up any confusion, eliminate any unintended claims alleged therein[1], and otherwise remedy any other pleading deficiencies this Court ascribes.

---

[1] Defendants move to dismiss Plaintiff's third cause of action.  Plaintiff recognizes that Defendant CITY is liable for their own actions pursuant to 42 U.S.C. section 1983 and withdraws his third cause of action.

**CONCLUSION**

Plaintiff urges this Court to deny Defendants' Motion to Dismiss, as he has properly names Defendant Chief Balentine as a party to this litigation and properly seeks injunctive relief. In the alternative, Plaintiff seeks leave of the Court to amend the Complaint to include any inadvertently omitted references, to correct any inartful verbiage, and otherwise remedy any other pleading deficiencies this Court ascribes.

Dated:  November 26, 2012                            **LAW OFFICES OF JOHN L. BURRIS**

By*/s/ John L. Burris*
John L. Burris
DeWitt M. Lacy
Attorneys for Plaintiff
JAMES SHANNON