IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHANNON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MODESTO; MODESTO POLICE DEPARTMENT; GENE BALENTINE, in his official and individual capacities; OFFICER fnu WEBBER, in his individual and official capacities; and DOES 1-10, inclusive,<br><br>    Defendants. | 1:12-cv-1692 AWI DLB<br><br>MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)<br><br>Doc. # 12 |

This is an action for damages and injunctive relief by plaintiff James Shannon ("Plaintiff") against defendants City of Modesto and Modesto Police Department (the "Entity Defendants") and individual Defendants Gene Balentine ("Balentine") and Officer Webber ("Webber"), (collectively, "Defendants"). Plaintiff's claims arise out of a search, seizure and arrest that occurred on May 24, 2011. Plaintiff's complaint alleges two claims for relief pursuant to 42 U.S.C. § 1983 and one claim for "vicarious liability" against the entity defendants. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 24, 2011, at approximately 2:00 p.m., Plaintiff was summoned by his wife to come to a local convenience store where their son had been apprehended in connection with "an

incident involving a gun." An officer at the convenience store, who is not identified in the complaint, recognized Plaintiff as being "an ex-con" and informed Plaintiff and Plaintiff's wife who was also present that the officer had a warrant for the search of Plaintiff's home and that he wanted Plaintiff and his wife to wait at the convenience store while the search was conducted. Doc. # 2 at ¶ 15. Plaintiff and his wive apparently drove to their residence and waited on the sidewalk as "police beg[an] to search their residence." Doc. # 2 at ¶ 15. The complaint does not allege how many police officers were involved in the search. The only officer mentioned by name is Officer Webber, who is alleged to have answered "no" when Plaintiff's wife asked to see the search warrant and volunteered that he was not required to show the warrant. When Plaintiff's wife asked what the officers were looking for, Weber replied "'anything related to the incident involving your son.'" Doc. # 2 at ¶ 17.

The complaint alleges that an unidentified officer asked Plaintiff's wife if there was anything in the house "they should know about" to which Plaintiff's wife answered that she kept a gun locked in a safe. She also volunteered that the key to the safe was kept in a jewelry box on top of her dresser. Doc. # 2 at ¶ 19. It is not clear from the complaint whether the police recovered the gun first or whether Plaintiff was taken into custody on suspicion of being a felon in possession of a firearm first. In any event, both apparently happened. Plaintiff's wife was asked to identify the gun and was informed by the officers that she could not lawfully possess the gun because her husband was an ex-felon. Plaintiff's wife was given a receipt acknowledging the seizure of the gun and any other items taken.

Plaintiff's wife bailed Plaintiff out of jail the following day and the family hired an attorney who "informed them of a law that stated that [Plaintiff's Wife] still had the right to possess a firearm even though Plaintiff was an ex-felon." Doc. # 2 at ¶ 22. The complaint does not specify what provision the attorney relied upon to make that statement. The complaint alleges that the Stanislaus County District Attorney elected to prosecute Plaintiff for felon in possession of a firearm as a third strike. The complaint alleges "[t]he case was dismissed on

October 18, 2012 due to lack of evidence." Doc. # 2 at ¶ 23.  Plaintiff alleges that the "ordeal" resulted to financial, and emotional harm to Plaintiff and his family.

Plaintiff's first claim for relief alleges violation of Plaintiff's Fourth Amendment rights against unreasonable search and seizure and violation of Plaintiff's due process and equal protection rights under the Fifth and Fourteenth Amendments.  This claim is alleged against "defendant police officers and DOES 1-10" which appears to mean the individual and mostly unnamed officers who conducted the search of Plaintiff's home and his arrest.  Plaintiff's second claim appears to allege entity liability pursuant to Monell v. New York Dep't Soc. Servs., 436 U.S. 658 (1978) based on failure to properly train, monitor, supervise and discipline.  Plaintiff's third and final claim for relief alleges "vicarious liability" pursuant to section 815.2(a) of the California Government Code.

Defendants filed their Motion to Dismiss (hereinafter, the "Motion") on November 7, 2012.  Plaintiff filed his opposition on November 26, 2012, and Defendants filed their reply on December 3, 2012.  The matter was taken under submission as of December 10, 2012.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

**DISCUSSION**

It is immediately apparent that Plaintiff's ability to allege his second and third claims for relief depend on whether or not Plaintiff's first claim for relief states facts sufficient to support a claim under 42 U.S.C. § 1983. In other words, Plaintiff cannot state a claim for relief for supervisory, entity or vicarious liability unless he can successfully allege facts that support a claim that Plaintiff suffered a violation of a legally guaranteed right as alleged in his first claim for relief. Plaintiff's first claim for relief states, in its entirety:

> 30. Plaintiff hereby realleges and incorporates by reference herein [the factual and damage allegations] of this Complaint.
>
> 31. In doing the acts complained of herein, named defendant police officers and DOES 1-10, inclusive acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:
>
>   a. the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth [A]mendment to the United States Constitution;
>
>   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth [A]mendments to

4

        the United States Constitution;

   c.   The right to equal protection of the laws, as guaranteed by the Fourteenth [A]mendment to the United States Constitution; and

   d.   The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Doc. # 2 at 6:14 - 7:2

     Plaintiff's first claim for relief accurately recounts the rights guaranteed under the Fourth, Fifth and Fourteenth Amendments but gives absolutely no indication of how any of those rights were violated.  Conceivably, it was Plaintiff's intent that the facts alleged as background would self-evidently show a violation of Plaintiff's constitutionally guaranteed rights occurred, but that is definitely not the case.  So far as the court can determine from the facts alleged in the complaint, Plaintiff's house was searched, a firearm that was alleged at the time to have belonged to Plaintiff's wife was seized, and Plaintiff was arrested for being a felon in possession of a firearm.  The court asks, not merely rhetorically, what part of that set of facts constitutes a violation of Plaintiff's constitutionally-guaranteed rights?

     As an initial matter, the court notes that Plaintiff's complaint alleges or at least suggests that a good deal of the harm alleged by Plaintiff occurred as a result of the District Attorney's decision to prosecute Plaintiff for felon in possession of a firearm as a third strike.  Since the District Attorney is not a defendant in this action, and since Plaintiff has not alleged any connection between Defendant's conduct and the District Attorneys' decision to prosecute Plaintiff, the decision to prosecute Defendant on a third-strike felony, and the harms Plaintiff alleges he suffered as a consequence, are not relevant to this action.  In light of this observation, it follows that Plaintiff's first claim for relief must be founded, if at all, on some act or acts by the officer or officers who seized and arrested Plaintiff and/or who actually conducted the search of Plaintiff's residence and seized the firearm.

     Plaintiff is represented by counsel and the court is of the opinion it should not be required to discuss at any length the elements of a claim for unlawful search, seizure or arrest that go

conspicuously unaddressed in Plaintiff's first claim for relief.  In an abundance of caution, the court notes that the fact that Plaintiff's wife was informed by an attorney of the existence of a law that permits her to own a firearm has no connection to the allegedly unlawful nature of Plaintiff's arrest unless the complaint expressly establishes the connection.  In sum, Plaintiff's first claim for relief is a near-perfect example of a pleading that, to paraphrase the legal standard set forth above, fails to allege a cognizable legal theory and fails to allege sufficient facts under a cognizable legal theory.  The court will dismiss the complaint in its entirety with leave to amend consistent with above-recited legal standard.

THEREFORE, it is hereby ORDERED that Defendants' motion to dismiss is GRANTED as to all Defendants.  Plaintiff's complaint is hereby DISMISSED in its entirety as to ALL DEFENDANTS without prejudice.  Any amended complaint shall be filed and served within twenty-eight (28) days of the date of service of this order.

IT IS SO ORDERED.

Dated:    February 8, 2013

SENIOR DISTRICT JUDGE