1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **EASTERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| 9  **JAMES SHANNON, an individual**, | 1:12-cv-1692  AWI SAB |
| 10  **Plaintiff,** | |
| 11  **v.** | **ORDER DIRECTING SUBMISSION OF FURTHER BRIEFING ON DEFENDANTS' MOTION TO DISMISS** |
| 12  **MODESTO CITY POLICE OFFICER PHIL WEBBER, individually and in his** | |
| 13  **official capacity; and DOES 1-10, inclusive, in their individual and official** | |
| 14  **capacities,** | **Doc. # 22** |
| 15  **Defendants.** | |

16

17

18        This is an action for damages by Plaintiff James Shannon ("Plaintiff") against Modesto

19 City Police Officer Phil Webber and unknown officers who searched Plaintiff's home

20 ("Defendants").  Currently before the court is Defendants' motion to dismiss Plaintiff's first

21 amended complaint ("FAC").  Plaintiff's FAC alleges claims under the Fourth, Fifth, Ninth

22 Fourteenth Amendments and alleges claims against Defendant officers in both their individual

23 and personal capacities.  In his opposition to Defendants' motion, Plaintiff declared that the

24 assertion of claims under the Fifth, Ninth and Fourteenth Amendments was inadvertent and that

25 he has abandoned any such claims.  Similarly, Plaintiff has declared that his allegation of claims

26 against the Defendants in their official capacities was inadvertent and such claims are now

27 abandoned.  What remains are Plaintiff's claims under the Fourth Amendment against the

28 Defendants in their individual capacities.

1

The gravamen of Plaintiff's FAC is that his residence was searched without consent and he was detained and arrested without probable cause.  The court has reviewed the FAC, Defendants' motion to dismiss, Plaintiff's opposition, and Defendants' reply.  What is remarkable from the court's perspective is that neither party has alleged the existence or non-existence of a search warrant.  From an analytical standpoint, the threshold question is whether the search of Plaintiff's residence was lawful.  The answer to that question turns almost entirely on whether or not a search warrant was obtained prior to the search and, if so, what scope of search was authorized by the warrant.  While the court's examination of the FAC and the parties pleadings has been something less than exhaustive to this point, it appears by inspection that Plaintiff has not alleged facts sufficient to state a claim if a warrant had been obtained prior to the search and Defendants have not alleged facts upon which the court could determine that the search was lawful if there was no warrant.

The court finds that ruling on the merits of Defendants' motion to dismiss in the absence of information regarding the existence or non-existence of a warrant and its contents is an inefficient use of scarce judicial resources.  The court will leave it to the parties to determine how they wish to proceed.  If the parties wish to stand on the pleadings as they are but issue a joint stipulation concerning the existence or non-existence of a warrant and its contents, they may do so.  To the extent either party may wish to dismiss, withdraw or amend any existing pleading, the party shall notify the court not less than fourteen days from the date of this order.

THEREFORE, in accordance with the foregoing, it is hereby ORDERED that Defendants' Motion to Dismiss is hereby CONTINUED for a period of fourteen (14) days from the date of filing of this order for the purpose of submission of documents in accordance with the foregoing discussion.

IT IS SO ORDERED.

Dated: ___July 15, 2013___                    _____

SENIOR DISTRICT JUDGE

2